900 F.2d 256
 30 Fed. R. Evid. Serv. 302
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry L. DRIVER, Defendant-Appellant.
 No. 89-5142.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 26, 1990.
Decided: March 28, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Richard L. Voorhees, District Judge. (CR-88-149-B)
 David Gantt, Asheville, N.C., for appellant.
 Thomas J. Ashcraft, United States Attorney, Max O. Cogburn, Jr., Assistant United States Attorney, Asheville, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Jerry Driver was convicted of engaging in a sexual act with a person under the age of twelve years in violation of 18 U.S.C. Secs. 2241(c), 1153, and sentenced to ten years of imprisonment. He appeals his conviction on the ground that the exclusion of evidence of the victim's past sexual activity violated the Sixth Amendment. We affirm.
 
 
 2
 Jerry Driver, an 18-year-old American Indian, was arrested and charged with engaging in sexual relations with a 10-year-old girl named Josephine Driver on a Cherokee Indian Reservation. He confessed to the police that he had engaged in sex with Josephine on three occasions. He retracted the confession at his trial.
 
 
 3
 Josephine testified that Jerry had raped her between July and the fall of 1988. A doctor testified that Josephine was 13 weeks pregnant on November 22, 1988. She then had an abortion, but no blood tests or DNA tests were done.
 
 
 4
 The district court denied Jerry's motion to prohibit testimony about the pregnancy and abortion. Jerry then contended that evidence of Josephine's past sexual behavior with other men and boys should be admissible to show that someone else was responsible for her pregnancy, and he proffered evidence of her promiscuity.
 
 
 5
 Federal Rule of Evidence 412, which generally excludes evidence of a rape victim's past sexual behavior, contains an exception admitting this evidence on the issue whether the accused impregnated the victim. Applying the rule, the court held that evidence of Josephine's past sexual behavior during August or September of 1988, when conception occurred, was admissible. It excluded evidence of her promiscuity outside of this period.
 
 
 6
 Although the district court permitted Jerry to introduce evidence of Josephine's sexual relations with other men during a period of time that was relevant to her pregnancy, Jerry apparently was unable to present such evidence, for none was introduced before the jury. Instead, he argues that he should have been allowed to show Josephine's knowledge of sexual matters and sexual activity regardless of when it occurred. Exclusion of this evidence, he insists, violated the Confrontation Clause of the Sixth Amendment.
 
 
 7
 Jerry relies primarily on Olden v. Kentucky, 109 S.Ct. 480 (1988), in which the Court held that the Confrontation Clause required reversal of a conviction for rape because evidence of the victim's cohabitation with one of the prosecution's witnesses was excluded. The witness had seen the victim leave the defendant's car, and the victim told the witness, who was her boyfriend, that the defendant had raped her.
 
 
 8
 Olden does not require reversal of Jerry's conviction. The defense in Olden was consent, and the accused wished to establish that the charge of rape was fabricated to keep the victim's boyfriend from becoming angry after he had seen the victim and the accused together. The excluded evidence was not a generalized attack on the victim's behavior.
 
 
 9
 Here, in contrast, Jerry wished to introduce evidence about Josephine's sexual behavior and knowledge of sex in general. This is precisely the kind of evidence that the rape shield provisions of Rule 412 exclude. The district court properly applied Rule 412, and its judgment is affirmed.